EL PUEBLO, DEMANDANTE Y APELADO, *v.* AGOSTINI (*a*) PITITO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por delito de violación.

No. 909.—Resuelto en febrero 25, 1916.

VIOLACIÓN — PRISIÓN PERPETUA — FALTA DE EXPOSICIÓN DEL CASO — DISCRECIÓN JUDICIAL.—Una corte de distrito puede imponer a su arbitrio a un acusado declarado culpable de violación la pena de prisión perpetua, y cuando no se ha sometido escrito de exposición del caso falta base para resolver en apelación si abusó de esa facultad discrecional.

DERECHO CONSTITUCIONAL—PRISIÓN PERPETUA—CASTIGO CRUEL E INUSITADO.—La pena de prisión perpetua no es cruel o inusitada y no le es aplicable la Enmienda Octava de la Constitución de los Estados Unidos.

ID.—ID.—CASTIGO DE CARÁCTER BÁRBARO—PRISIÓN O MULTA.—Castigos crueles e inusitados son los de un carácter bárbaro y desconocidos por la ley común. Esa palabra, cuando apareció primeramente en la declaración de derechos, no significaba una multa o prisión o ambas cosas, sino castigos como ser azotado,

atado a un poste, *pillory* (*pillory*, tabla con agujeros para que la persona pusiera la cabeza y las manos y ser expuesta así al público), quemaduras, destrozo por una rueda de carro y otros castigos por el estilo, descuartizamiento del reo, cortarle la nariz, orejas ó extremidades, o extrangularlo hasta causarle la muerte. Eran los castigos severos, crueles e inusitados que echaban una mancha sobre pasadas civilizaciones y hacían a uno estremecerse de horror.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Abraham Peña.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el acusado Prudencio Agostini (*a*) Pitito contra sentencia que en juicio ante jurado pronunció la Corte de Distrito de Mayagüez en 6 de mayo de 1915 condenándolo como reo del delito de violación de que fué declarado culpable, a la pena de prisión perpetua con trabajos forzados.

Según los términos de la acusación "el citado Prudencio Agostini (*a*) Pitito, allá en los primeros días del mes de enero de 1915, y en las afueras de la ciudad de Mayagüez, municipio del mismo nombre, voluntaria, ilegal y maliciosamente violó a la niña de siete a ocho años de edad Rosa María Santalís, con la que yació, siendo él un varón adulto."

Alega el apelante que la corte cometió error al imponerle la pena de reclusión perpetua con trabajos forzados, abusando de la facultad discrecional que le reconoce el artículo 33 del Código Penal, e infringiendo el artículo 8 de las Enmiendas a la Constitución de los Estados Unidos, preceptivo de que no se podrán exigir fianzas exageradas, imponer multas excesivas, ni aplicar castigos crueles e inusitados.

El artículo 258 del Código Penal castiga el delito de violación con pena de presidio por un término mínimo de cinco años, y el 33, invocado por el recurrente, ordena que cuando a un reo se le declare incurso en pena de presidio por un término que no baje de determinado número de años, sin fijar un límite a la duración de dicha pena, podrá el tribunal sen-

tenciador, a su arbitrio, condenar al reo a prisión perpetua o por cualquier número de años que no baje del prescrito.

La corte inferior ha podido imponer a su arbitrio al acusado la pena de prisión perpetua, y no habiendo sido sometido a nuestra consideración escrito de exposición del caso, nos falta base para resolver si el juez inferior abusó de la facultad discrecional que la ley le reconoce, y modificar en caso afirmativo el fallo apelado. *El Pueblo* v. *De Thomas,* 9 D. P. R. 569. Ignoramos las circunstancias del caso, y por falta de prueba en contrario debemos presumir que fueron muy agravantes para que el juez ejercitara su discreción en la forma en que lo hizo.

Antes de ahora hemos dicho que la pena de prisión perpetua no es cruel o inusitada, y que no le es aplicable la Enmienda 8ª. de la Constitución de los Estados Unidos. *El Pueblo* v. *Bocanegra,* 9 D. P. R. 546.

Castigos crueles e inusitados son los de un carácter bárbaro y desconocidos por la ley común. Esa palabra, cuando apareció primeramente en la declaración de derechos, no significaba una multa o prisión o ambas cosas, sino castigos como ser azotado, atado a un poste, *pillory* (*pillory,* tabla con agujeros para que la persona pusiera la cabeza y las manos y ser expuesta así al público), quemaduras, destrozo por una rueda de carro y otros castigos por el estilo, descuartizamiento del reo, cortarle la nariz, orejas o extremidades, o estrangularlo hasta causarle la muerte. Eran los castigos severos, crueles e inusitados que echaban una mancha sobre pasadas civilizaciones y hacían a uno estremecerse de horror. *Ex parte O'Shea,* 105 Pac. 776.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino.